IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELBERT SMITH, JR., and ) | |
| THERESA SMITH ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No.: 05-331-BH-B |
| ) | |
| SCALES EXPRESS, INC., ) | |
| ) | |
|     Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant Scales Express, Inc.'s (hereinafter, "Scales") Motion (Doc. 78) for Summary Judgment based upon a theory of judicial estoppel. Plaintiffs have filed a Response (Doc. 82) and Defendants, in turn, have submitted a Reply (Doc. 85) to Plaintiffs' Response. In addition, Defendant Scales' Motions (Doc. 84) to Strike Plaintiffs' affidavits of Joseph Verneuille, Barry Thompson and Rick Maples. Upon consideration of the above pleadings and all relevant evidence submitted therewith, the Court finds that Defendant's Motion (Doc. 78) for Summary Judgment and Motion (Doc. 84) to Strike are **due to be DENIED**.

*Facts*[1]

Based upon the parties' pleadings, the following timeline represents the chronological order of events relevant to the issues before the Court on summary judgment:

    1.    September 9, 2003    Plaintiffs file a petition for relief under Chapter 13 of the United States Bankruptcy Code.

---

[1] Unless otherwise noted, the Facts are extracted from Defendant Scales' Brief (Doc. 79) in Support of the Motion for Summary Judgment.

2.  December 4, 2003    Plaintiffs Chapter 13 plan is confirmed.

3.  September 28, 2004  Plaintiff Elbert Smith is involved in a motor vehicle accident in St. Lucie County, Florida.

4.  October 18, 2004    Plaintiffs file a Motion to Suspend Payments to the Chapter 13 Trustee based on Elbert Smith's inability to work due to injuries resulting from the accident.

5.  October 21, 2004    Plaintiffs notify Scales that they will be seeking damages for injuries sustained in the accident.

6.  January 31, 2005    Plaintiffs file a Notice of Conversion of the Chapter 13 case to one under Chapter 7 of the United States Bankruptcy Code.

7.  January 31, 2005    Plaintiffs also file a Chapter 7 Conversion Petition which includes, among other things, a new Statement of Financial Affairs, Schedules and Statement of Post-Petition Debts. These updated schedules make no mention of the Smiths' claims against Scales in Lincoln General Insurance Company.

8.  March 7, 2005       Plaintiffs appear at their Section 341(a) Meeting of Creditors where they are questioned about their assets and liabilities by the Bankruptcy Administrator and the Chapter 7 Trustee.

9.  April 22, 2005      Smiths file this lawsuit, originally in the Circuit Court of Mobile County.

10. May 10, 2005        Plaintiffs receive a no-asset discharge under Chapter 7 of the United States Bankruptcy Code.

*Legal Analysis*

Defendant Scales contends that because the Smiths did not list this pending lawsuit in their bankruptcy schedules while their case was pending in Chapter 13 nor at the time it was converted to Chapter 7, they should be judicially estopped from proceeding as plaintiffs in this litigation and as defendants in the related interpleader action.  (Def.'s Br. Supp. Mot. Summ. J., Doc. 79, p. 5). The Court finds, however, that judicial estoppel of Plaintiffs' claims is inappropriate under the facts of this case.

**Judicial Estoppel**

Under the doctrine of judicial estoppel, a party will be precluded from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by a party in a previous proceeding." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (internal quotations omitted). Judicial estoppel is an equitable doctrine invoked at a court's discretion to prevent the perversion of the judicial process. *Id*.  It is intended to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id*. (citing *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotations omitted)). The Eleventh Circuit has directed that two factors must be considered in the application of judicial estoppel: 1) "it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding" and 2) "such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id*.  However, the Circuit Court does note, "these two enumerated factors are not inflexible or exhaustive; rather, courts must always give due consideration to all the circumstances of a particular case when considering the applicability of this doctrine." *Id*. at 1286.

As noted in *Chandler v. Samford Univ.*, "[c]ourts of various jurisdictions have held that a debtor's assertion of legal claims not disclosed in earlier bankruptcy proceedings constitutes an

assumption of inconsistent positions." 35 F.Supp.2d 861, 863 (N.D. Ala. 1999). Following this assumption and because Plaintiffs do not seem to dispute the issue, the Court finds that the first prong of the Eleventh Circuit's standard has been satisfied. We now turn to the second prong regarding Plaintiffs' intent to manipulate the judicial system.

As stated by the Court in *Chandler*, "many courts have found that the combination of a party's knowledge of the claim and motive for concealment in the face of an affirmative duty to disclose the claim provides sufficient evidence of intent to manipulate the system." *Id*. at 864. To that end, Defendant alleges that Plaintiffs had a duty to disclose their lawsuit on three separate occasions and failed to do so. They assert that Plaintiffs had a duty to disclose their potential claims as soon as they accrued while they were still in Chapter 13 bankruptcy, when they converted from Chapter 13 to Chapter 7 bankruptcy and when they were questioned about any "third-party claims" during their Section 341(a) Meeting of Creditors. (Def's Br. Supp. Mot. Summ. J. at 5-6). However, the *Chandler* Court goes on to note, "where there is no affirmative duty to disclose, courts have not applied the doctrine of judicial estoppel to bar a party from asserting claims not disclosed during the course of bankruptcy proceedings." Contrary to Defendant's propositions, this Court finds that Plaintiffs did not have a duty, once their Chapter 13 plan was confirmed, to disclose their potential claims.

**Duty to Disclose**

In determining whether Plaintiffs had a duty to disclose, we turn to the relevant Bankruptcy Code provisions governing conversion of a Chapter 13 bankruptcy. 11 U.S.C. 348(f)(1) states, "when a case under chapter 13 of this title is converted to a case under another chapter under this title (A) property of the estate in the converted case shall consist of property of the estate, as of the date of the *filing of the petition* ... ." (emphasis added). Faced with a factually similar situation in

which the plaintiffs' tort claim accrued after confirmation of their Chapter 13 bankruptcy but before they converted to Chapter 7, the Court in *Farmer v. Taco Bell Corp.*, 242 B.R. 435 (W.D. Tenn. 1999) held, based on the clear legislative intent of Congress's 1994 amendment to this section of the Bankruptcy Code, that "[s]ection 348(f)(1)(A) clearly dictates that any property acquired ... [after Chapter 13 confirmation, but prior to conversion to Chapter 7] is not part of the bankruptcy estate." In the instant case, we find the *Farmer* Court's analysis to be sound and thereby hold, consistent with their ruling, that Plaintiffs' post Chapter 13 confirmation cause of action against Scales was statutorily never meant to be included in their bankruptcy estate. Because their claims were not a part of their confirmed Chapter 13 bankruptcy estate, Plaintiffs had no affirmative duty to report them.

Defendant Scales, however, relies substantially on *Burnes* and *Chandler* as dispositive cases indicating that an application of judicial estoppel is appropriate in the instant matter. The Court disagrees. In both cases, the presiding Court determined that a Chapter 13 bankruptcy debtor, who had converted to Chapter 7 and was discharged, was judicially estopped from proceeding in a tort action that they were aware of while in Chapter 13 but did not disclose. However, in neither *Burnes* nor *Chandler* is there any indication that either of the Plaintiffs' Chapter 13 plans were confirmed. In the instant case, however, as in *Farmer*, the Plaintiffs' Chapter 13 plan had been confirmed for a significant period of time prior to the claim accruing. Following the plain language and clear intent of 11 U.S.C. §348(f)(1), the Court finds that Plaintiffs had no affirmative duty to disclose any property acquired after confirmation of their Chapter 13 plan.

Defendants next turn to section 348(f)(2)'s provision that, "[i]f the debtor converts a case under Chapter 13 of this title to a case under another chapter in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion." The

Court does not find that there is any evidence that Plaintiffs converted this case in bad faith. Plaintiffs converted from Chapter 13 bankruptcy to Chapter 7 because they were unable to continue payments to the Trustee as a result of Elbert Smith's inability to work. Defendant's only evidence of bad faith, however, is Plaintiffs' failure to disclose their claims against Scales. As we have already stated, pursuant to section 348, their claims against Scales were not to be part of their bankruptcy estate and they had no duty to disclose. With no duty to disclose, we cannot find their to be bad faith on the part of the Plaintiffs for failure to do so.

Upon due consideration of all the facts and circumstances of this particular case, the Court finds the Plaintiffs neither acted in bad faith nor attempted to make a mockery of the judicial system. Therefore, we hold that Defendant's Motion (Doc. 78) for Summary Judgment is **due to be and hereby DENIED**.

### Motion to Strike

Defendant Scales also Motions (Doc. 84) to Strike the statements of Joseph Verneuille, Barry Thompson and Rick Maples as alleged "expert" affidavits. Though Plaintiffs refer to these individuals as "experts" in the area of bankruptcy law (*See* Pls. Resp. Opp. Summ. J., Doc. 82, p. 7), the affidavits seem, as Plaintiffs have proposed in their Response (Doc. 87) in Opposition to the Motion to Strike, to merely be fact affidavits regarding those individuals' interpretations of what transpired at the Section 341(a) Meeting of Creditors on March 7, 2005. This is the capacity in which the Court considered those statements and to the extent that any "expert opinion" interpreting bankruptcy law was proffered, the Court disregarded such testimony. In any event, the Court did not substantially rely on any of the opinions expressed in these affidavits in ruling on the matter before us. Therefore, we find that striking these affidavits is inappropriate and unnecessary.

Defendant's Motion (Doc. 84) to Strike is **due to be and hereby DENIED**.

    **So ORDERED**, this 2nd day of August, 2006.

                                                            s/ W. B. Hand
                                                  SENIOR DISTRICT JUDGE