IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELBERT SMITH, JR. and ) | |
| THERESA SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 05-0331-BH-B |
| SCALES EXPRESS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on defendant's motion (Doc. 89) to reconsider the Court's order denying summary judgment which is asserted pursuant to Fed.R.Civ.P. 60(b).  In response to defendant's motion, plaintiffs have filed a motion to strike(Doc. 91) which is predicated upon the failure of the defendant, Scales Express, Inc. ("Scales"),  to establish entitlement to the relief it seeks under Fed.R.Civ.P. 60(b). Upon consideration of the aforementioned motions and all other pertinent portions of the record, the Court concludes and it is therefore **ORDERED** that plaintiffs' motion to strike is due to be and is hereby **GRANTED** for the reasons stated therein and defendant's motion to reconsider is thus due to be and is hereby **STRIKEN**.

The Court agrees that the defendant, Scales, has failed to establish entitlement to the relief it seeks under Fed.R.Civ.P. 60(b).  *See e.g., Williams v. North Florida Regional Med. Center, Inc.*, 164 Fed.Appx. 896, 898 (11th Cir. 2006)("The Rule 60(b) movant cannot prevail simply because the district court could have vacated its order; instead the appellant must 'demonstrate a justification so compelling that the court was required to

vacate its order'."). Scales is merely attempting to assert arguments related to cases[1] on which it previously relied, that do not contain any intervening change in controlling law or "newly discovered" evidence, and that should have been raised in either its motion for summary judgment or reply briefs.[2]  *Williams*, *supra*, 164 Fed.Appx. at 899 ("relief under 60(b)(6) is an 'extraordinary remedy' which may be invoked only upon a showing of exceptional circumstances."); *Enwonwu v. Trans Union, LLC,* 164 Fed. Appx. 914, 919 (11th Cir. 2006)("[f]ederal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances.").  *See also*, *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986)("[a]lthough the defendants attempted to raise the argument in their motion for reconsideration, a motion for reconsideration is an improper vehicle to introduce evidence previously available or to tender new legal theories.").

**DONE** this 7th day of September, 2006.

                                                s/ W. B. Hand
                                              SENIOR DISTRICT JUDGE

---

[1] Scales continues to rely on *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), and *Chandler v. Samford University*, 35 F.Supp.2d 861 (N.D. Ala. 1999).

[2] In any event, Scales' assertion that "this Court's failure to follow the *Burnes* and *Chandler* decisions is a clear manifest error of law and Fact" (Motion to Reconsider at 3) is specious.  It ignore the fact that neither the *Burnes* nor the *Chandler* courts addressed, the relevant applicability of 11 U.S.C. § 348(f)(1), which was addressed in the well reasoned opinion in *Farmer v. Taco Bell Corp.*, 242 B.R. 435 (W.D. Tenn. 1999), and adopted by this Court.  This Court will not speculate as to why the applicability of § 348(f)(1) was not presented to or addressed by either the *Burnes* or the *Chandler* courts.  This Court did not, therefore, err in denying defendant's motion for summary judgment, manifestly or otherwise.